OPINION,
That the demand of the plaintiffs is, in its nature, prescriptible; for the doctrine stated' in the bill, that as a trustee, that is, one to whom the management of an affair is confided for the benefit of another, is not discharged, by length of time, from the obligation of accounting for his transactions and administration in and about the subject committed to him, so a like privilege ought to attend a remedy of the former requiring an account from the latter, is supposed to be fallacious, because the possession *of what the one re-ceiveth is fiduciary, — -is the possession of him, for whom he acteth, and whom he representeth, in that instance, and therefore never begineth to work a prescription ; but the same cannot be predicated of the others possession, which is, on the contrary, for himself, and adversary to all others: thus, although an executor cannot by length of time bar the right of the legatary, yet possession delivered to the leg-atary, or suffered to be taken and kept by him, without caution to return the thing bequeathed, in the event of future recoveries of debts may, as is apprehended, in process of time, extinguish the right as well of the executor, as of any other man, who neglecting to vindicate the right within the period limited by law for asserting it, is presumed to have either abandoned it, or received satisfaction for it; the latter of which presumptions is the stronger in this case of an executor and guardian, who, having power to retain and appropriate so much of his constituents estate, or the profits of it, as was equal to his demand, did actually convert to his own use a párt thereof, without giving credit for it, and, for anything shewn to the contrary, may have applied more of it in the same manner, — who left no account of a bill (a) for two hundred pounds sterling paid to John Robinson, supposed to be the testator of the plaintiffs, by John Hanbury and company of London, with which the executors of Beverley Whiting were charged; — and who doth not appear, and is not pretended, to have rendered, or even kept, any account whatever of his executorship, or guardianship, the account number 2, to which the bill referreth, seeming, according to the state of it there, to have been formed from papers found by rummaging in a great mass since his death; for the promise of Thomas Whiting, by which the said John Robinson is alleged in the bill to have been induced to accept the trust, if the promise had been proved, could not have dispensed with his obligations to fulfil the trust, after he had accepted it; nor do his attention to the duties of his public office or his services in the execution of it appear, by any thing disclosed in this case, to have been the one so sedulous that he could never advert to the duties of this private office, or the other so beneficial to the community that their merit can. atone for the neglect of a trust accepted as the last favor he could bestow on a dying friend.
Neither doth the court admit the proposition assumed in the replication, that the said John Robinson being an executor, as well as a creditor of Beverley Whiting, all suits for the recovery of the plaintiffs demand were thereby suspended, to be true nor if it were true, to be effectual to prevent the operation of *the statute for limitation of actions; for an executor who had not assented to a legacy, which the plaintiffs deny the said John Robinson to have done, may maintain an action in a court of common law, , even against the legatary, for recovering the thing bequeathed, and then may retain for his debt, or may prosecute a suit in the court of equity to recover his debt in the first instance; but, if the said John Robinson could not have maintained a suit, as executor, he might have maintained a suit, to recover possession of the estate as (b) guardian in either court.
And if the executorship obstructed the *121 prosecution of suits by him, the obstruction, ceasing with his death, did not impede the operation of the statute afterwards.
Nor is the fact avered in the replication, that the said John Robinson was prevented from retaining satisfaction for his demand by the two sons Peter Beverly Whiting and John Whiting having taken possession of their estates, without his privity or consent, thereby subjecting themselves to the payment of the said demand, which they frequently promised to pay, verified by the testimony, or presumable after so many years, as to Peter Beverley Whiting, to charge whose estate is one principal object of this suit, the demand as to his brother being waved.
The court is also of opinion that neither the note signed by Peter Beverley Whiting, the 10 day of June, 1767, nor the order drawn by him, the 7 day of november, 1771, on Leroy Hipkins, nor the letter dated the 16 day of August, 1783, from the defendent Elizabeth Whiting to the plaintiff Edmund Pendleton, nor the order of Gloucester county court, made on the motion of the defendent Elizabeth Whiting, the first day of January, 1784, upon which the plaintiffs rely to obviate the statute for limitation of actions, ought to have that effect.
Not the first, because, if a consent or an obligation to account be contained in the terms of that note, the right of action originating thereby would have been barred by the time elapsed between the date of it, and the day when this suit was commenced, nor doth Peter Beverley Whiting appear, of the defendents own shewing, as the replication stateth, or otherwise, to have applied for, and obtained from the count}' court of Gloucester, an order or orders, that the said executors of the said Beverley Whiting should make up an account of their administration, the defendent, by her answer, having confessed that she remembered to have only heard of orders, from the motion of Peter Beverley Whiting, to have his fathers estate settled, nor is any such order now among the exhibits.
*Not the second, because, if that could be so interpreted, as to contain a consent or obligation to account, it is also superannuated.
Not the third, because in one paragraph of that letter the writer of it declareth her opinion to be, that the length of time is sufficient to set aside all clames of the sort of that made by the plaintiffs, and, this being connected with the paragraph quoted in the bill, upon which the plaintiffs rely to prove her submission to a settlement of the executors account of administration of Beverley Whitings estate, if a commentary be made on both of them together, the fairer interpretation is, that she did not, by the latter, relinquish the defense, which in the former she thought a good defense, and that in favor to executors, of whose negligence, infidelity, and delinquency the letter is replete with accusation ; and if the defense and settlement be incompatible, she ought to be allowed her election to abide I by the former, which she declared, as is confessed, before the commencement of the suit, and determined by her plea after-wards. because no part of the letter dis-covereth, although she had been informed indeed of some account against the estate of Beverley Whiting, that she knew the nature or amount of the plaintiffs demand, or suspected that her husband was indebted to them, the contrary of which last may be inferred, as well from her forwardness to bring on a settlement, which, if the demand be established, would terminate in aggravated distress to herself and her family, as from that member of the paragraph quoted in the bill, wherein the speakers (Robinsons) insolvency is mentioned, as the cause of delaying an application to him to whom the letter was addressed, his solvency or insolvency being unimportant to her, otherwise than as some part of that reparation, for the losses her husband had sustained through the misconduct of his fathers executors, which was desperate in the latter event, she hoped might be obtained in the other: and if thus uninformed, and ignorant, and unapprized of the extent of the proposed settlement, she had explicitly and unconditionally promised to enter into it, the spirit of equity dictates rather absolution from such a promise than exaction of its performance, and because the writer of the letter had no power thereby to bind the estate of her husband for payment of that with which if he had been then living, he would not, by any thing now appearing, have been made chargeable; for that an executor or administrator, by his contract, should create an obligation in the testator or intestate, who had not delegated a special authority for that purpose, seems preposterous, and
Not the fourth, as well for the reason last assigned in the next preceding section, as because the plaintiffs were not a *party to the order, and were purposely omitted by the defendent Elizabeth Whiting, saying, as they confess in the bill, she was advised their demand was barred by the act of limitations; so that the plaintiffs relying upon this order, taken with that saying, to obviate the act of limitation, seem to rely upon this, that when she reserved the power to plead the act, she relinquished the power to plead the act.
And, upon the whole matter, the court reviewing and frequently pondering the subjects of the foregoing disquisition, and observing that this bill requireth an account relating to the administration of an estate from one who was never bound, nor doth represent any who were bound, originally, if at all, to render it, and that this requisition is made by representatives of an executor and guardian, who was bound to render accounts of his administration and management of the same estate in both those characters, but confessedly never did render, and doth not appear to have even kept, an account of them in either, and by whose defaults in those instances, and possibly in other instances, no settlement of *122 those accounts,0 free from injustice to one or other of the parties, can be made now, when those who transacted the matter proposed to be examined are dead; when the evidence, by which some debits-, now seeming indisputable, might have been controverted, and credits omitted might have been justified, in an earlier discussion, hath vanished by time, frequently producing such changes, that the same thing which appeareth in one form to day, may have worn a different form some years before ; when documents, pertinent to this business may have been mislaid, lost, or destroyed, some of them not impossibly by the means of that executor and guardian, who had a right to the possession of them; and when the same causes would prevent a recovery of satisfaction for the injury, which, according to the letter often mentioned before, Peter Beverley Whiting complained, he had suffered by the malversation of his fathers executors; the court is of opinion this is one of those cases, in which the statute for limitation of actions, a law believed by most men esteemed well learned in jurisprudence to be congruous with the principles of natural law, and to be sanctified by public utility, may be honestly and conscientiously pleaded; and therefore the court allowing the plea of the defendent Elizabeth Whiting, and, being of opinion, that a demand barred by the statute for limitation of actions, existeth hot after-wards, so that the plaintiffs could not recover their demand against the other defendents, if they were indebted to Peter Beverley Whiting,
Dismissed the bill, with costs;

 This appeareth by exhibits annexed to the answer of Elizabeth whiting'. — Edition 1795.

 This is inaccurate. The sons were not intitled to the possession of their estates before the debts were paid, in the mean time therefore the executors might have retained or recover the possession. —Edition 1795.